**EXHIBIT A**



STATE OF VERMONT
WASHINGTON COUNTY, SS.

| | |
|---|---|
| TIMOTHY KEENE,<br>individually, and as next friend to<br>KATELYN KEENE<br>v.<br><br>DANIEL SCHNEIDER<br>and<br>JARED HATCH | WASHINGTON SUPERIOR COURT<br><br><br><br><br>DOCKET NO. |

# COMPLAINT

### Jurisdiction

1. This action is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Vermont, against Daniel Schneider and Jared Hatch, police officers of the Vermont State Police.

2. It is alleged that the individual police officer defendants assaulted and battered Timothy Keene, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that the defendants assaulted and battered Timothy Keene in the presence of his fourteen-year old daughter, Katelyn Keene, negligently causing infliction of emotional distress.

### PARTIES

3. Timothy Keene and Katelyn Keene were at all material times residents of Washington County, State of Vermont. Timothy Keene is of full age, and is the father and next friend of Katelyn Keene, D.O.B.       .

4. Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the Vermont State Police, acting under color of law, to wit, under color of the statutes,

ordinances, regulations, policies, customs and usages of the state of Vermont.

## FACTS

5. On or about September 16, 2005, at approximately 12:11 a.m., defendant Schneider arrived at Timothy Keene's residence, 191 Keene Road, Marshfield, Vermont, investigating a complaint of trespass against Mr. Keene.

6. Defendant Schneider knocked on the door, which was answered by Mr. Keene.

7. Defendant Schneider entered Mr. Keene's residence.

8. Defendant Schneider questioned Mr. Keene for some time until he concluded that he had probable cause to arrest Mr. Keene on suspicion of Driving Under the Influence.

9. Defendant Schneider directed Mr. Keene to put his hands behind his back, Mr. Keene refused.

10. Defendant Schneider used Oelscin spray on Mr. Keene.

11. At approximately this time, defendant Hatch entered Mr. Keene's residence.

12. With Mr. Keene lying on his stomach on the floor, with his arms under him, one or both of defendant officers repeatedly struck Mr. Keene.

13. Defendant officers then arrested Mr. Keene.

14. At no time during the events described above was Mr. Keene incapacitated or a threat to the safety of himself or others, nor was he disorderly.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the actions described and lent their physical presence and support and the authority of their office to each other during the said events.

16. As a direct and proximate result of the said acts of the defendant officers, the plaintiff Timothy Keene suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, and

    b. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

  17. The actions of the defendant officers violated the clearly established and well settled federal constitutional right of Timothy Keene to be free from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I

### 42 U.S.C. § 1983 Against Individual Defendants

  18. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth.

  19. Plaintiff Timothy Keene claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant officers Schneider and Hatch for violation of his constitutional rights under color of law.

## COUNT II

### Assault and Battery Against Individual Defendants

  20. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth.

  21. Defendant officers Schneider and Hatch assaulted and battered Timothy Keene.

  22. As a result of this assault and battery, plaintiff Timothy Keene suffered damages as aforesaid.

## COUNT III

### Negligent Infliction of Emotional Distress

23. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth.

24. At the time and place set forth in paragraphs 5 through 10, Katelyn Keene was present in the Keene residence, in her bedroom on the second floor.

25. At some point she became aware of activity downstairs and went to the stairs.

26. There she witnessed her father being assaulted by the defendant officers.

27. As a direct, proximate, and natural cause of witnessing defendant officers' assault on her father, Katelyn Keene was subjected to extreme fright and shock, she suffered and will continue to suffer severe mental pain and anguish and she was deprived of emotional tranquility.

28. Defendant officers Schneider and Hatch, by their assault and battery of Timothy Keene, in the presence of his daughter, Katelyn Keene, negligently caused Katelyn Keene to feel emotional distress.

29. As a result of this negligent infliction of emotional distress, Katelyn Keene suffered damages as aforesaid, for which defendant officers Schneider and Hatch are liable.

WHEREFORE, plaintiff Timothy Keene, individually and as next friend to Katelyn Keene, requests that this Court:

    a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

    b. Award costs of this action to the plaintiff;

    c. Award reasonable attorney's fees and costs to the plaintiff on Count I of the complaint;

    d. Award such other and further relief as this Court may deem appropriate.

Dated at Barre, Vermont, this 21st day of February 2007.

                                     Respectfully submitted,

                                     TIMOTHY KEENE,
                                     individually and as next friend to
                                     KATELYN KEENE

By: _____
                                     Maggie Vincent, Esq.
                                     Rubin, Kidney, Myer & DeWolfe
                                     237 North Main Street
                                     Barre, VT 05641



STATE OF VERMONT
WASHINGTON COUNTY, SS.

| | | |
|---|---|---|
| TIMOTHY KEENE,<br>individually, and as next friend to<br>KATELYN KEENE<br>   v.<br><br>DANIEL SCHNEIDER,<br>JARED HATCH, | )<br>)<br>)<br>)<br>)<br>) | WASHINGTON SUPERIOR COURT<br><br><br><br>DOCKET NO. |

## JURY DEMAND

Plaintiff demands a TRIAL BY JURY.

Dated at Barre, Vermont this 21st day of February 2007.

Respectfully submitted,

TIMOTHY KEENE,
individually and as next friend to
KATELYN KEENE

By: _____
Maggie Vincent, Esq.
Rubin, Kidney, Myer & DeWolfe
237 North Main Street
Barre, VT 05641

COPY

STATE OF VERMONT
WASHINGTON COUNTY, SS.

TIMOTHY KEENE, individually, )
and as next friend to )
KATELYN KEENE )
) WASHINGTON SUPERIOR COURT
v. )
) DOCKET NO.
DANIEL SCHNEIDER and )
JARED HATCH

**SUMMONS**

TO: Daniel Schneider

You are hereby summoned and required to serve upon Maggie K. Vincent, Esq., plaintiffs' attorney, whose address is 237 North Main Street, Barre, Vermont 05641, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.**

Dated: February 21, 2007

_____
Maggie K. Vincent, Esq.
Plaintiffs' Attorney

Served on: 02-27-07

_____
Deputy Sheriff/Constable

**WASHINGTON COUNTY SHERIFF'S DEPARTMENT**
**P.O. BOX 678, 10 ELM STREET**
**MONTPELIER, VERMONT 05601**
**802-223-3001 - FAX: 802-828-3611**

## RETURN OF SERVICE

DOCKET NUMBER:

_Keene_ v. _Schneider & Notch_

STATE OF VERMONT
WASAHINGTON COUNTY, SS.

ON THE _27_ DAY OF _February_ 200_7_, I MADE SERVICE OF THE _Summons, Complaint and Jury Demand_

UPON THE DEFENDANT _Daniel Schneider_

BY DELIVERING A COPY OF THE ABOVE WITH THE VERMONT ATTORNEY GENERAL AT HIS OFFICE IN MONTPELIER, VERMONT

SERVICE ................................................................$ _30.00_

TRAVEL _2_ MILES .........@ .485 ..............................$ _97_

POSTAGE ...............................................................$ _____

COPIES     @.50 EACH .............................................$ _____

TOTAL ..............$ _____

_[signature]_
SHERIFF / DEPUTY
WASHINGTON COUNTY SHERIFF'S
DEPARTMENT

STATE OF VERMONT
WASHINGTON COUNTY, SS.

COPY

| | |
|---|---|
| TIMOTHY KEENE, individually, and as next friend to KATELYN KEENE | )<br>)<br>)<br>) WASHINGTON SUPERIOR COURT |
| v. | )<br>) DOCKET NO. |
| DANIEL SCHNEIDER and JARED HATCH | )<br>) |

## SUMMONS

TO: Jared Hatch

    You are hereby summoned and required to serve upon Maggie K. Vincent, Esq., plaintiffs' attorney, whose address is 237 North Main Street, Barre, Vermont 05641, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.**

Dated: February 21, 2007

                                                            Maggie K. Vincent, Esq.
                                                            Plaintiffs' Attorney

Served on: 02-27-07

                                                            Deputy Sheriff/Constable

**WASHINGTON COUNTY SHERIFF'S DEPARTMENT**
**P.O. BOX 678, 10 ELM STREET**
**MONTPELIER, VERMONT 05601**
**802-223-3001 - FAX: 802-828-3611**

## RETURN OF SERVICE

DOCKET NUMBER:

_Kane_ v. _Schneider + Hatch_

STATE OF VERMONT
WASAHINGTON COUNTY, SS.

ON THE _27_ DAY OF _February_ 200_7_, I MADE SERVICE OF THE _Summons, Complaint and Jury Demand_

UPON THE DEFENDANT _Jared Hatch_

BY DELIVERING A COPY OF THE ABOVE WITH THE VERMONT ATTORNEY GENERAL AT HIS OFFICE IN MONTPELIER, VERMONT

SERVICE .......................................................................... $ _30.00_

TRAVEL        MILES ......... @ .485 ............................................. $ _____

POSTAGE ............................................................................ $ _____

COPIES        @ .50 EACH ................................................... $ _____

                                    TOTAL ...................... $ _____

_____
SHERIFF / DEPUTY
WASHINGTON COUNTY SHERIFF'S
DEPARTMENT

| | |
|---|---|
| STATE OF VERMONT<br>WASHINGTON COUNTY, SS. | WASHINGTON SUPERIOR COURT<br>DOCKET NO. |

TIMOTHY KEENE, individually and as next )
friend to KATELYN KEENE, )
)
)
       Plaintiffs, )
)
   v. )
)
DANIEL SCHNEIDER and JARED HATCH, )
)
       Defendants. )

## WAIVER OF SERVICE OF SUMMONS

TO:   Maggie K. Vincent, Esq.
        Rubin, Kidney, Myer & DeWolfe
        237 North Main Street
        Barre, VT 05641

    I acknowledge receipt of your request that I, on behalf of defendants in their individual capacities waive service of a summons in the action of *Keene v. Schneider and Hatch*, which is case number [unknown] in the Vermont Superior Court for Washington County. I have also received a copy of the complaint in the action.
    On behalf of defendants (individual capacities), I agree to save the cost of a service of summons and an additional copy of the complaint in this lawsuit by not requiring that defendants be served with judicial process in the manner required by Rule 4 of the Vermont Rules of Civil Procedure.
    I, on behalf of defendants (individual capacities), will retain all defenses or objections to the lawsuit or to the jurisdiction or the venue of the court except for objections based on a defect in the summons or in the service of the summons.
    I understand that a judgment may be entered against defendants (individual capacities) if an answer or motion under Rule 12 (if applicable) of the Vermont Rules of Civil Procedure is not served upon you by 5/7/07.

3-21-07
Date

*Janet C. Murnane* (signature)
JANET C. MURNANE
Deputy Attorney General

1