RECEIVED
APR - 4 2007
2:07-cv-79
U.S. DISTRICT COURT
BURLINGTON, VT.

STATE OF VERMONT
WASHINGTON COUNTY, SS.

2007 FEB 23  A 11: 07

SUPERIOR COURT
WASHINGTON COUNTY

TIMOTHY KEENE,
individually, and as next friend to
KATELYN KEENE
    v.

DANIEL SCHNEIDER
and
JARED HATCH

WASHINGTON SUPERIOR COURT

DOCKET NO. 130-2-57

# COMPLAINT

### Jurisdiction

1. This action is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Vermont, against Daniel Schneider and Jared Hatch, police officers of the Vermont State Police.

2. It is alleged that the individual police officer defendants assaulted and battered Timothy Keene, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that the defendants assaulted and battered Timothy Keene in the presence of his fourteen-year old daughter, Katelyn Keene, negligently causing infliction of emotional distress.

### PARTIES

3. Timothy Keene and Katelyn Keene were at all material times residents of Washington County, State of Vermont. Timothy Keene is of full age, and is the father and next friend of Katelyn Keene, D.O.B.       .

4. Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the Vermont State Police, acting under color of law, to wit, under color of the statutes,

ordinances, regulations, policies, customs and usages of the state of Vermont.

## FACTS

5. On or about September 16, 2005, at approximately 12:11 a.m., defendant Schneider arrived at Timothy Keene's residence, 191 Keene Road, Marshfield, Vermont, investigating a complaint of trespass against Mr. Keene.

6. Defendant Schneider knocked on the door, which was answered by Mr. Keene.

7. Defendant Schneider entered Mr. Keene's residence.

8. Defendant Schneider questioned Mr. Keene for some time until he concluded that he had probable cause to arrest Mr. Keene on suspicion of Driving Under the Influence.

9. Defendant Schneider directed Mr. Keene to put his hands behind his back, Mr. Keene refused.

10. Defendant Schneider used Oelscin spray on Mr. Keene.

11. At approximately this time, defendant Hatch entered Mr. Keene's residence.

12. With Mr. Keene lying on his stomach on the floor, with his arms under him, one or both of defendant officers repeatedly struck Mr. Keene.

13. Defendant officers then arrested Mr. Keene.

14. At no time during the events described above was Mr. Keene incapacitated or a threat to the safety of himself or others, nor was he disorderly.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the actions described and lent their physical presence and support and the authority of their office to each other during the said events.

16. As a direct and proximate result of the said acts of the defendant officers, the plaintiff Timothy Keene suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, and

b. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

17. The actions of the defendant officers violated the clearly established and well settled federal constitutional right of Timothy Keene to be free from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I

### 42 U.S.C. § 1983 Against Individual Defendants

18. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth.

19. Plaintiff Timothy Keene claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant officers Schneider and Hatch for violation of his constitutional rights under color of law.

## COUNT II

### Assault and Battery Against Individual Defendants

20. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth.

21. Defendant officers Schneider and Hatch assaulted and battered Timothy Keene.

22. As a result of this assault and battery, plaintiff Timothy Keene suffered damages as aforesaid.

COUNT III

**Negligent Infliction of Emotional Distress**

23. Paragraphs 1 through 17 are incorporated herein by reference as though fully set forth.

24. At the time and place set forth in paragraphs 5 through 10, Katelyn Keene was present in the Keene residence, in her bedroom on the second floor.

25. At some point she became aware of activity downstairs and went to the stairs.

26. There she witnessed her father being assaulted by the defendant officers.

27. As a direct, proximate, and natural cause of witnessing defendant officers' assault on her father, Katelyn Keene was subjected to extreme fright and shock, she suffered and will continue to suffer severe mental pain and anguish and she was deprived of emotional tranquility.

28. Defendant officers Schneider and Hatch, by their assault and battery of Timothy Keene, in the presence of his daughter, Katelyn Keene, negligently caused Katelyn Keene to feel emotional distress.

29. As a result of this negligent infliction of emotional distress, Katelyn Keene suffered damages as aforesaid, for which defendant officers Schneider and Hatch are liable.

WHEREFORE, plaintiff Timothy Keene, individually and as next friend to Katelyn Keene, requests that this Court:

    a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

    b. Award costs of this action to the plaintiff;

    c. Award reasonable attorney's fees and costs to the plaintiff on Count I of the complaint;

    d. Award such other and further relief as this Court may deem appropriate.

Dated at Barre, Vermont, this 21st day of February 2007.

Respectfully submitted,

TIMOTHY KEENE,
individually and as next friend to
KATELYN KEENE

By: _____
Maggie Vincent, Esq.
Rubin, Kidney, Myer & DeWolfe
237 North Main Street
Barre, VT 05641