```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT

TIMOTHY KEENE                   :
And as next friend              :
to K.K. a Minor                 :
        Plaintiffs              :     No. 2:07-cv-79
v.                              :
                                :
DANIEL SCHNEIDER and            :
JARED HATCH,                    :
        Defendants              :
```

### MEMORANDUM AND ORDER

Before the court is Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted or in the alternative, Motion for a More Definite Statement and the Plaintiffs' Motion to Amend the Complaint. For the reasons set forth below, Plaintiff's Motion to Amend the Complaint (Doc. 15) is GRANTED in part and DENIED in part and Defendants' Motion to Dismiss (Doc. 10) is GRANTED in part and DENIED in part.

### I. BACKGROUND

For purposes of ruling on the Motion to Dismiss, the Court accepts the Plaintiffs' factual allegations as true.

On September 16, 2005, at approximately 12:11 a.m., Officer Daniel Schneider of the Vermont State Police arrived at Timothy Keene's residence, investigating a complaint of trespass against Keene. Schneider questioned Keene and concluded that there was probable cause to arrest him on suspicion of driving under the influence. Schneider directed Keene to put his hands behind his

back, but Keene refused to do so.  After warnings, Schneider used Oelscin spray ("pepper spray") on Keene.

At this time, Officer Jared Hatch entered the home.  Keene was lying on the floor with his arms under him.  One or both of the officers struck Keene 17 times in about a two-minute period while he remained in that position. After the first blows, Keene tried to tell the officers that he had a daughter upstairs, but the officers did not stop the beating and struck Keene approximately seven more times.  Keene tried a second time to inform the officers of his daughter's presence, saying, "I've got a young girl . . ." but was unable to finish the sentence due to the continued beating.

When the officers arrived at the house, K.K. was upstairs in her bedroom.  At some point during the course of the incident she became aware of activity and went to the stairs, where she witnessed the officers beating her father.

Following this beating, the officers arrested Keene.  At no time did Keene attempt to flee from the house nor did he attempt to physically assault the officers.  Keene suffered physical trauma and injury, physical pain and suffering and emotional trauma and suffering due to his treatment by the officers.  As a result of witnessing her father's beating, K.K. was subject to extreme fright and shock.  She suffered and will continue to suffer severe mental pain and anguish.

On February 23, 2007, Timothy Keene and K.K. commenced this suit against Officer Schneider and Officer Hatch in Washington Superior Court.  Their Complaint contained three counts: violation of Keene's constitutional rights under the Fourth Amendment, pursuant to 42 U.S.C. §§ 1983 and 1988 (Count I); assault and battery (Count II); and negligent infliction of emotional distress (Count III).  Count III is asserted on K.K.'s behalf, while Counts I and II refer to the officers' treatment of Keene.  The case was removed to federal court on April 4, 2007.  The Defendants filed a Motion to Dismiss Complaint, or in the Alternative, for a More Definite Statement on May 7, 2007.  Seemingly in response to that Motion, the Plaintiffs filed a Motion to Amend Complaint on June 20, 2007.  The Defendants filed an Opposition to the Motion to Amend Complaint on June 26, 2007.[1]

## II.  DISCUSSION

**A.  Motion to Amend the Complaint**

The Plaintiffs move to amend the Complaint in order to include a more detailed account of the incident and to name the State of Vermont as a defendant in Count III.  The Defendants do not object to the proposed factual amendments to Counts I and II.  However, they maintain that the court should deny the portion of

---

[1]The Plaintiffs' Motion to Enlarge Time to File Response as to the Motion to Dismiss was granted on June 6, 2007. The Plaintiffs were granted two weeks to respond, which have now expired.  The Plaintiffs have also not filed a reply to the Defendants' Opposition to their Motion to Amend.

the Motion that seeks to amend Count III as futile because the State is entitled to sovereign immunity under the Eleventh Amendment.

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should grant leave to amend "freely ... when justice so requires." Fed. R. Civ. P. 15(a). The proposed amendments to Counts I and II are permitted on that basis. However, amendment is not warranted in the case of futility, and a proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted. See Forman v. Davis, 371 U.S. 178, 182 (1962); Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Here, adding the State of Vermont as a defendant in Count III is futile.

The Eleventh Amendment provides that, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has consistently held that this amendment prohibits a private party from suing a state in federal court unless Congress unequivocally expresses its intent to abrogate the state's sovereign immunity or a state waives its immunity. In re Charter

Oak Assocs., 361 F.3d 760, 765 (2d Cir. 2004) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996)).

In this case neither the State of Vermont nor Congress has waived the sovereign immunity intended to protect the State from this type of claim. Congress abrogated the immunity of state officials as to certain civil rights claims in 42 U.S.C. § 1983, but not as to a state law tort claim such as the negligence claim asserted in Count III. See 42 U.S.C. § 1983 (providing a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.") In any case, § 1983 does not abrogate the sovereign immunity of a state itself in actions for damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) (holding that a state is not a "person" subject to a suit for damages under § 1983).

The Vermont Tort Claims Act establishes that the State of Vermont is liable for injury caused by the negligent act of an employee of the state acting within the scope of employment. See Vt. Stat. Ann. Tit. 12, § 5601(g)(2007). However, the Act authorizes such suits only in state superior court, and does not waive the Eleventh Amendment right to immunity from federal suit. See § 5601(a). Because the state has not waived sovereign immunity, its addition as a defendant on Count III would be futile. Therefore, the motion to amend Count III to add the State as a party to the lawsuit is denied.

**B.   Motion to Dismiss the Complaint**

The Defendants move to dismiss Counts I and II on the grounds that the Plaintiffs have failed to state a claim of excessive force and that the officers are entitled to the affirmative defense of qualified immunity.[2]  They move to dismiss Count III for failure to state a claim.

**1.   Counts I and II**

In ruling on a motion to dismiss for failure to state a claim, the Court tests the sufficiency of the complaint by examining only the allegations in the complaint and any documents attached to or incorporated by reference therein.  Huminski v. Rutland County, 148 F. Supp. 2d 373, 376-77 (D. Vt. 2001).  The court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.  See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002).  A motion to dismiss should not be granted where there exists a "plausible entitlement to relief."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1967 (2007).

The doctrine of qualified immunity shields government officials from civil liability if their "conduct does not violate clearly established statutory or constitutional rights of which a

---

[2]As the analysis of a qualified immunity claim includes a determination as to whether the Plaintiff has successfully stated a constitutional claim, the Court focuses here on the qualified immunity argument.

reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is not merely a defense, but rather is also "an entitlement not to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Accordingly, the availability of qualified immunity should be decided by a court "at the earliest possible stage in litigation."  Hunter v. Bryant, 502 U.S. 224, 227 (1991).

However, defendants presenting qualified immunity defenses in a pre-answer dismissal motion, rather than on a motion for summary judgment, face a higher burden and must accept the more stringent standard applicable to this procedural route.  McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).  At this stage of litigation the plaintiffs are "entitled to all reasonable inferences from the facts alleged, not only those that support [their] claim, but also those that defeat the immunity defense." Id. (quoting Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir. 1992)).

A claim of qualified immunity requires a two-part analysis. The first inquiry is whether the facts alleged state a claim that the officers' conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If so, the next question is whether the right violated was clearly established.  Id.

The State of Vermont has adopted the federal standard for assessing claims of qualified immunity and the step-by-step approach to analyzing these claims expressed in Saucier.  Hoffer v. Ancel, 852 A.2d 592, 596-97, 176 Vt. 630, 633 (2004); Winfield v. State, 779 A.2d 649, 652, 172 Vt. 591, 593 (2001).  Therefore, the following analysis applies both to Count I, alleging a violation of the Fourth Amendment, and Count II, alleging a state tort claim for assault and battery based upon excessive force.

Claims of excessive force arising in the context of an arrest are analyzed under the Fourth Amendment's "objective reasonableness" standard.  Graham v. Conner, 490 U.S. 386, 394 (1989).  In such cases, it is necessary to determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Id. at 397.  The analysis requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 396.

The question here is whether the force that the officers employed-that is, the use of pepper spray and a lengthy beating—was objectively reasonable under the circumstances.

8

Keene did refuse to immediately submit to arrest.  However, he did not threaten the arresting officers' safety or try to flee.  The crime for which Officer Schneider sought to arrest him–driving under the influence–while serious, was not a present threat to the safety of the officers or the public.  According to Keene's account, his actions were merely to resist handcuffing, then lie on his arms while he tried to alert the officers to his daughter's presence.  Under these circumstances, it is at least plausible that the officers did violate his rights by the use of unreasonable force.  Therefore, Keene has stated a claim for violation of his Fourth Amendment rights, and has met the threshold requirement to defeat a claim of qualified immunity.

The second step of the qualified immunity analysis asks whether the officials' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  Jones v. Parmley, 465 F.3d 46, 55 (2d. Cir. 2006) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)).  "A right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful."  Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003).  The right must be clearly established "in light of the specific context of the case."  Saucier, 533 U.S. at 201.  The focus of

this inquiry is on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

"The right of an individual not to be subjected to excessive force has long been clearly established." Calamia v. New York, 879 F.2d 1025, 1036 (2d Cir. 1989). Therefore, in order to establish a qualified immunity defense, the defendants must show that it was "objectively reasonable," Ford v. McGinnis, 352 F.3d 582, 597 (2d Cir. 2003), for them to believe that their response to Keene's resistance was not excessive under the circumstances. McKenna v. Wright, 386 F.3d 432, 437 (2d Cir. 2004). It is not clear that the Defendants in this case acted reasonably, given the severity of the beating to which they allegedly subjected Keene after relatively little provocation. Although the court is aware that the qualified immunity issue should be decided at the earliest possible juncture, it is not able to determine at this stage that the Defendants acted reasonably as a matter of law.

   **2.   Count III**

The Defendants argue that the claim of Negligent Infliction of Emotional Distress asserted in Count III on behalf of Keene's minor daughter, K.K., is subject to dismissal because the factual allegations in the Complaint are insufficient to state a claim.

To establish a claim for negligent infliction of emotional distress, a plaintiff must make a threshold showing that she or

someone close to her faced physical peril.  Brueckner v. Norwich Univ., 169 Vt. 118, 125, 730 A.2d 1086, 1092 (1999).  If, as here, the plaintiff has not suffered a physical impact from an external force, she must show that: (1) she was within the "zone of danger" of an act negligently directed at her by defendant, (2) she was subjected to a reasonable fear of immediate personal injury, and (3) she in fact suffered substantial bodily injury or illness as a result. Id.

While K.K. did not personally suffer a physical impact, she satisfies the threshold requirement because her father faced physical peril.  However, the Complaint does not allege that K.K. was within the "zone of danger."  Nor does it suggest that she feared for her own safety.  The Complaint does allege that K.K. was subjected to extreme fright and shock and suffers severe mental pain.  Even the Amended Complaint, however, does not allege that she suffered bodily injury or illness as a result of the emotional harm.  The allegations made on K.K.'s behalf are insufficient to justify the conclusion that K.K. is entitled to a remedy and this claim is therefore dismissed without prejudice.

### III.  CONCLUSION

For the foregoing reasons the Motion to Dismiss is denied as to Counts I and II and granted as to Count III, which is dismissed without prejudice. The Motion to Amend is granted as to Counts I and II and denied as to Count III.

Dated at Burlington, Vermont this 28th day of August, 2007.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge
