UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Timothy Keene, individually,      )
And as next friend to             )
K. K., a minor,                   )
    Plaintiffs               )
                           )    Civil Action
           v.                     )    File No. 2:07-CV-79
                           )
Daniel Schneider and              )
Jared Hatch,                      )
    Defendants.              )

## MOTION FOR SUMMARY JUDGMENT

Defendants, Daniel Schneider and Jared Hatch, by and through the undersigned counsel,

pursuant to Rule 56, Fed.R.Civ.P., move for summary judgment on the complaint against them.

1.  Count I of the complaint alleges a violation of 42 U.S.C. § 1983 for the excessive use

of force incident to the arrest of Plaintiff (hereinafter, "Keene"), *see* Complaint ¶¶ 8-13.  The

undisputed facts do not establish an unreasonable use of force under the 4th Amendment, for

which reason Defendants are entitled to judgment as a matter of law on Count I.  Even were

there a disputed question of material fact, Defendants are entitled to qualified immunity, as the

undisputed facts do not establish the violation of a clearly established law, nor that it was

objectively unreasonable for Defendants to believe that their actions violated such law.

2.  Count II asserts that Defendants assaulted and battered Keene, while arresting Keene

in Defendants' capacities as officers of the Vermont State Police.  *See* Complaint ¶¶ 4, 5, 8, 10,

12, 13 and 21.  Defendants are entitled to judgment as a matter of law on Count II, on the same

grounds as under Count I.

**Memorandum of Law**

**I.  The Force Used to Overcome Keene's Resistance Was Reasonable**

The Complaint alleges only that the force used to effect Keene's arrest was excessive, and does not contest the validity of the arrest itself.  *See* Complaint at ¶¶ 2, 16, 17.  Indeed, Keene ultimately plead guilty to resisting arrest, thereby conceding probable cause for his arrest. Keene deposition at 40.  *See DiPilato v. Village of Holley, N.Y.*, 204 WL 2646552 at *2 n. 6 (W.D.N.Y. 2004)(collecting cases); *Decker v. Fish*, 126 F.Supp.2d 342, 347 (D.Vt. 2000).

The use of force is permissible in effecting an arrest.  *Graham v. Connor*, 490 U.S. 386, 394-95 (1989).  The amount of force permissible is determined by an objectively reasonable standard, viewed through the perspective of a reasonable officer on the scene rather than through hindsight.  *Id.* at 396.

There are two separate incidents of force involved in Keene's arrest.  First, Trooper Schneider used pepper spray on Keene, after Trooper Schneider advised Keene that he was under arrest and Keene repeatedly refused demands to place his hands behind his back.  Keene deposition at 21-22.  Keene alleges no lasting injuries from this use of force.  Keene deposition at 38.

After the pepper spray failed to secure Keene's compliance, both Trooper Schneider and Detective Hatch used strikes to gain control of Keene's arms while Keene continued to resist their attempts.  Keene deposition at 26-27.  The strikes were not used until verbal commands and pepper spray both had failed to gain compliance.  Even the strikes were ineffective, failing to gain control of Keene's arms for the officers.  The officers only secured Keene's arms after either using a pressure point technique (according to the officers), or after Keene finally stopped

2

fighting based on his daughter's request (according to Keene, who does not recall any pressure

point technique).  Schneider deposition at 26; Hatch deposition at 12; Keene deposition at 29.

Trooper Schneider did not use an unreasonable amount of force by using pepper spray on

Keene.  In *Davis v. Callaway*, 2007 WL 1079988 (D.Conn. 2007), the court examined a claim of

excessive force based on the use of pepper spray on an arrestee who was pinned to the ground

but resisting handcuffing.  The court found that the use of pepper spray was not objectively

unreasonable, and thus could not sustain a § 1983 claim, even though the plaintiff was not

struggling.  *Id.* at *6.  The three factors noted in *Davis* all apply equally to this case:  like Davis,

Keene had not been handcuffed at the time he was sprayed; like Davis, Keene had disobeyed

police instructions prior to being sprayed; and like Davis, Keene has not claimed any injury

beyond the immediate discomfort caused by the spray.  *Id.* at *7.  Based on those three factors,

*Davis* found the officer entitled to summary judgment.  *Id.* at *6-7, citing, inter alia, *McLaurin v.*

*New Rochelle Police Officers*, 373 F.Supp.2d 385, 394 (S.D.N.Y. 2005) and *Vinyard v. Wilson*,

311 F.3d 1340, 1348 (11th Cir. 2002).  By the same reasoning, Trooper Schneider is entitled to

summary judgment for the use of pepper spray.

Similarly, the officers' use of strikes to overcome Keene's resistance were not objectively

unreasonable.   *See Flanigan v. Town of Colchester*, 171 F.Supp.2d 361, 365-66 (D.Vt. 2001)

(finding that circumstances supported amount of force used by officer).  In *Flanigan*, the plaintiff

actively resisted arrest by stating "no," shaking his hands free of the officer and moving away

from him.  *Id.* at 365.  In the present case, Keene actively resisted arrest by stating "no," and

holding his arms under his body, trying as hard as he could not to allow the troopers to pull out

his arms for handcuffing.  Keene deposition at 26-27.  In both cases, the plaintiffs were

intoxicated and, thus, their "behavior was likely to be uncontrollable and irrational."  *Flanigan*,

171 F.Supp.2d at 365; Keene deposition at 19.  And in both cases, the severity of the injuries are

not surprising results of a reasonable police response to the arrestee's conduct.  In *Flanigan*, the

claimant had cuts and scrapes all over his body, muscle aches, and a possible fracture to his right

orbital bone.  *Id.* at 366.  In the present case, Keene had several large bruises on his body, and an

undiagnosed pain in his elbow.

Given the fact that Keene continued to resist arrest successfully, despite the strikes

employed by the troopers, and that officers are permitted to use a reasonable amount of force to

effect an arrest, no reasonable jury could find, based on the undisputed facts, that either Trooper

Schneider's or Detective Hatch's use of force in restraining Keene was unreasonable.

## II.  Defendants are Entitled to Qualified Immunity on Count I

Qualified immunity shields a government official from liability when he or she acts

during the course of his employment, even if such acts are unconstitutional, if the official

"reasonably misapprehends the law governing the circumstances she confronted."  *Brosseau v.*

*Haugen*, 543 U.S. 194, 198 (2004), citing *Saucier v. Katz*, 533 U.S. 194, 206 (2001)(qualified

immunity operates "to protect officers from the sometimes 'hazy border between excessive and

acceptable force'").  If a plaintiff does assert the violation of a constitutional right by an officer

in the course of employment, the Court must determine if that right was clearly established at the

time of the officer's actions.  *Brosseau*, 543 U.S. at 198.  Finally, if the right was clearly

established, the officer still is entitled to immunity if it was objectively reasonable for the officer

to believe that his actions did not violate such law.  *Saucier*, 533 U.S. at 205; *Poe v. Leonard*,

282 F.3d 123, 131-32 (2d Cir. 2002).

The determination of whether an official is entitled to qualified immunity is normally a

legal issue, to be resolved by the Court well prior to trial.  *See Hunter v. Bryant*, 502 U.S. 224,

228 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985).  "If the law at that time did not

clearly establish that the officer's conduct would violate the Constitution, the officer should not

be subject to liability or, indeed, even the burdens of litigation."  *Brosseau*, 543 U.S. at 198.

The evidence, viewed in the light most favorable to Keene, does not establish an

unreasonable use of force, as set forth in section I., *supra*.  Even were the evidence deemed

sufficient to state a constitutional violation, Defendants still are entitled to qualified immunity.

There are no facts that demonstrate that either Defendant could not reasonably have believed the

amount of force used to overcome Plaintiff's resisting arrest was lawful.  Since law enforcement

officers are permitted to use some degree of force to arrest a suspect, *Graham*, 490 U.S. at 394-

95, and the pepper spray was insufficient to subdue Plaintiff, Defendant Schneider objectively

was reasonable in believing the use of pepper spray was a lawful amount of force.  Similarly,

Defendants objectively were reasonable in believing that repeated blows were a lawful amount

of force to subdue Plaintiff, who continued resisting arrest after the use of pepper spray.  Plaintiff

does not allege that either Defendant struck him after he ceased resisting.

The undisputed evidence in this case, that Defendants employed escalating force until

successful in overcoming Keene's resistance of arrest, with only minor injuries to Keene, do not

demonstrate the violation of a clearly established right of which no reasonable officer could be

mistaken.  *Brosseau*, 543 U.S. at 199; *Saucier*, 533 U.S. at 206.  In fact, this Court's precedent in

*Flanigan* compels the opposite conclusion.

Moreover, the officers' use of force was consistent with their training.  *See* Hatch

deposition at 30; Eastman report at 3-5.  An officer is entitled to immunity unless "it would be

clear to a reasonable officer that his conduct was unlawful in the situation he confronted."

*Saucier*, 533 U.S. at 202.    It cannot be clear to an officer that acting in conformity with his

training is unlawful, and it is objectively reasonable for both Defendants to have believed that acting in conformity with their training was lawful.  Both Trooper Schneider and Detective Hatch are entitled to immunity.

### III.  Defendants are Entitled to Qualified Immunity on Count II

The second count also suffers from the same defect as the first count, in failing to allege an objectively unreasonable amount of force, viewed from the perspective of a reasonable police officer on the scene.  *See Coll v. Johnson*, 161 Vt. 163, 165 (1993) (adopting the 4th Amendment standard for common law claims asserting excessive force, citing *Graham v. Connor*, 490 U.S. at 397).  Alternatively, Defendants are entitled to qualified immunity under Vermont law, under the same standard discussed for Count I.  *Murray v. White*, 155 Vt. 621, 626 (1991) (noting that Vermont has adopted the qualified immunity standard announced in *Harlow*).

### Conclusion

For the foregoing reasons, Defendants are entitled to judgment in their favor, as a matter of law.

**DATED** at Montpelier, Vermont this 13th day of August, 2008.

STATE OF VERMONT
WILLIAM H. SORRELL
ATTORNEY GENERAL

By:    /s/ David Cassetty
       David Cassetty
       Assistant Attorney General
       Office of the Attorney General
       109 State Street
       Montpelier, VT 05609-1001
       (802) 828-1102
       dcassetty@atg.state.vt.us

       Counsel for Defendants Daniel Schneider
       and Jared Hatch

6

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed with the Clerk of the Court

Defendants' Motion for Summary Judgment using the CM/ECF system, which will send

notification of such filing to the following registered participant: Maggie K. Vincent, Esq.

DATED at Montpelier, Vermont this 13th day of August, 2008.

WILLIAM H. SORRELL
ATTORNEY GENERAL

By:      /s/ David Cassetty
         David Cassetty
         Assistant Attorney General
         Office of the Attorney General
         109 State Street
         Montpelier, VT 05609-1001
         (802) 828-1102
         dcassetty@atg.state.vt.us

         Counsel for Defendants Daniel Schneider
         and Jared Hatch