**VERMONT STATE POLICE**
AFFIDAVIT
CASE#05A303946
STATE OF VERMONT
WASHINGTON COUNTY, S.S.

**NOW COMES**, Trooper **Daniel Schneider**, affiant, being duly sworn and on oath, deposes and says he has probable cause to believe **Timothy Keene (DOB 4-5-53)** has committed the offense (s) of **Operating a Motor Vehicle Under the Influence of Intoxicating Liquors and Resisting Arrest**, a violation of Title **23 and 13** Vermont Statutes Annotated section **1201 and 3017**.

I am a full-time police officer employed by the Vermont State Police since January 2004, trained and certified by the Vermont Criminal Justice Training Council.

1. On September 15, 2005, at approximately 2323hrs, the Middlesex State Police Dispatch received a complaint from Bonnie Breer (DOB 6-20-60) who advised Timothy Keene (DOB 4-5-53) was in her driveway at 86 Porter Road in the town of Marshfield, VT. in the county of Washington. Breer advised Keene was in his truck which he parked in her driveway and was refusing to leave the property until he spoke with her (Breer).

2. Upon speaking with Breer by telephone she advised Keene was in his truck which was parked in her driveway requesting to speak with her. Breer advised she did not know why Keene was at her residence and why he would want to speak to her. Breer advised she was scared of Keene because he was at her residence so late at night. Breer advised she knew it was Keene outside because her son had gone and asked what he wanted when he arrived at the residence. Breer advised she knew Keene from past encounters and he was her garbage man. Breer advised the registration to the vehicle that was in her driveway was AMR-140 which came back to Keene's 1998 black Ford Truck.

3. While enroute the Middlesex State Police Dispatch advised that Breer stated that Keene had left her residence and was most likely heading back to his home in Marshfield. The time that Breer advised that Keene had driven away was at approximately 2334 hrs via 911 time.

4. Upon arrival at 86 Porter Road I spoke with Breer who advised Keene had left and she believed he was heading back to his residence. I asked Breer why she believed he was intoxicated and she advised when she saw him at her residence he had a beer in his hand.

5. Upon arrival (approximately 0011 hrs) at Keene's residence 191 Keene Road in the town of Marshfield, VT. in the county of Washington, I observed a black ford truck parked in the driveway, the registration to the vehicle was AMR-140 this matched the one given by Breer. I observed 1 Natural Ice 12oz. beer can in the cab area behind the passenger seat.

Subscribed and sworn to before me on this 16th day of Sept 2005

_____
(Notary Public)

_____
(Affiant)

9-16-05
(Date)

**VERMONT STATE POLICE**
AFFIDAVIT
CASE#05A303946
STATE OF VERMONT
WASHINGTON COUNTY, S.S.

NOW COMES, Trooper **Daniel Schneider**, affiant, being duly sworn and on oath, deposes and says he has probable cause to believe **Timothy Keene (DOB 4-5-53)** has committed the offense (s) of **Operating a Motor Vehicle Under the Influence of Intoxicating Liquors and Resisting Arrest**, a violation of Title **23 and 13** Vermont Statutes Annotated section **1201 and 3017**.

6.   Upon approaching the front door I observed a male setting in a chair with what appeared to be a beer (natural ice) in his right hand. I knocked on the door and the male that was seated in the chair answered the door. I asked if he was Mr. Keene and he advised yes. I advised Keene that I was Trooper Schneider and I was with the State Police. I asked Keene if I could speak with him and he invited me into his residence.

7.   Upon enter his residence I noticed a 12 pack container of Natural Ice setting on the stairs which were located directly in front of the front door. The 12 pack container appeared to be filled with empty Natural Ice beer cans. I asked Keene if he knew why I was at his residence and he advised yes. Keene advised it was for Bonnie Breer. I asked Keene why he was over Breer's residence so late at night and he advised he needed to speak to her. I asked Keene how many drinks he had that night and he advised he did not know and does it matter. I asked Keene how many drinks he had since he was at home and he advised he did not count them, maybe 3. I asked Keene how he got to his residence and he advised he drove home. I asked Keene what time he thought he got home at and he advised 1100 o'clock (2300hrs).

8.   While speaking with Keene I observed his eyes to be bloodshot and watery. I noticed a strong odor of intoxicants coming from Keene and he was swaying while I spoke to him. I asked Keene if he would be will to go further some Field Sobriety Exercises with me and he advised I don't think so and then no.

9.   I advised Keene since he was unwilling to go further the Field Sobriety Exercises with me then I would have to go off of my observations, statements, and what he had advised. I then advised he was under arrest for the suspicion of driving under the influence. When I advised Keene he was under arrest he stated no, I don't think so. At this time Keene had his arms crossed and he began to use a different tone in his voice when he answered me. Through my training and experience when people cross their arms, change the tone of their voice, and the person is intoxicated I perceive this as the person is becoming definite and could possible assault me. I advised Keene approximately 6 times to place his hand behind his back and Keene refused to. I advised Keene if he did not place his hands behind his back then I was going to spray him with "O.C." Keene refused to place

Subscribed and sworn to before me on
this _16th_ day of _Sept_ 2005

_(signature)_
(Notary Public)

_(signature)_
(Affiant)

5-16-05
(Date)

**VERMONT STATE POLICE**
AFFIDAVIT
CASE#05A303946
STATE OF VERMONT
WASHINGTON COUNTY, S.S.

NOW COMES, Trooper **Daniel Schneider**, affiant, being duly sworn and on oath, deposes and says he has probable cause to believe **Timothy Keene (DOB 4-5-53)** has committed the offense (s) of **Operating a Motor Vehicle Under the Influence of Intoxicating Liquors and Resisting Arrest,** a violation of Title **23 and 13** Vermont Statutes Annotated section **1201 and 3017**.

his hands behind his back once again and I stated are you really going to do this and he stated yes.

10.     After several orders for Keene to place his hands behind his back I took out my "O.C." At this point in time I thought I was alone with Keene inside his residence. I sprayed Keene in the face with the "O.C." and force Keene to the ground. While I was trying to force Keene to the ground he fell into the front door and then to the ground.

11.     Once Keene was on the ground he tucked his arms under his chest. When I forced Keene to the floor Trooper Hatch came into the residence. Trp. Hatch and I advised Keene to quite resisting and to put his arms out. Keene refused to comply with our orders. After a struggle to force Keene's arms out, he was placed into handcuffs and they were double locked.

13.     Keene was checked by the Marshfield Ambulance and then released to my custody. Keene was transported to the Middlesex State Police Barracks where he provided a sample of his breath for the Evidentiary Test with a result of .095% at 0231hrs. Keene was lodge at the Dale Facility and also received a citation to appear in Washington County District Court to answer for the charge of driving under the influence and resisting arrest. A relate back affidavit will be requested and forward along with the case.

Subscribed and sworn to before me on this 16th day of Sept 2005

(Notary Public)

(Affiant)

9-16-05
(Date)