UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| TIMOTHY KEENE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Case No. 2:07-cv-79 |
| | : |
| DANIEL SCHNEIDER and | : |
| JARED HATCH | : |
| | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

Plaintiff Timothy Keene filed a two-count complaint against Defendants Daniel Schneider and Jared Hatch, both Vermont State Police officers. Keene alleges that the officers violated 42 U.S.C. § 1983 by using excessive force and committing an assault and battery during his arrest within his home on September 16, 2005. Schneider and Hatch filed a motion for summary judgment on August 13, 2008. For the reasons discussed below, this motion is **denied**.

## FACTUAL BACKGROUND

The following facts are assessed in the light most favorable to the non-moving party. Just after midnight on September 16, 2005, Schneider and Hatch were dispatched to the Keene residence in Marshfield, Vermont to investigate a complaint of harassment. The officers found Keene in his living room watching television and drinking beer. Schneider first asked Keene about a complaint that earlier in the evening, Keene had been bothering Bonnie

Breer at her residence.  After some discussion on this issue, Schneider then questioned Keene about his suspicions that Keene may have been operating a vehicle under the influence of alcohol when he drove to and from Breer's home.  Schneider asked Keene to step outside, and Keene refused to do so.  Next, Schneider asked Keene to perform field sobriety exercises.  Keene refused.  Schneider then told Keene that he was under arrest for a possible DUI and demanded that Keene put his hands behind his back to be handcuffed and taken to the police station.  Once again Keene refused.  Schneider said he would use pepper spray to subdue Keene if Keene refused to comply.

When Keene continued to refuse to comply with the orders, Schneider administered pepper spray and, with the assistance of Hatch, took Keene to the floor.  Keene had his hands underneath his body and refused to follow directions to put them behind his back.  The officers then inflicted a number of blows in attempting to get Keene under control, using both their fists, elbows and knees.  When the officers began striking him, Keene tried to tell them that his fourteen year old daughter was in the house.  As the officers struck Keene, his daughter came to the head of the stairs, crying and asking the officers to stop.  According to Keene, he did not fight the arrest and remained still on the floor with his arms and hands under his body.  Keene suffered a number of painful bruises and an injured elbow.

Eventually the officers used pressure points to free Keene's hands so that they could place handcuffs on him.  The officers then removed Keene to their cruiser and ultimately transported him to an ambulance crew.  The officers did not remove the pepper spray from Keene's face, although there is no evidence to suggest that Keene asked for the spray to be washed away.  The officers charged Keene with a DUI and Keene was detained at the Dale Correctional Facility.

The next day, Keene visited the Central Vermont Hospital complaining of painful bruises and an injured elbow.  Although pain from the bruises has disappeared, he continues to suffer elbow problems as a result of the encounter.  Keene pled guilty to a resisting arrest charge.  The DUI charge was ultimately dismissed by the State's Attorney.

## DISCUSSION

Schneider and Hatch make two arguments regarding both counts of the complaint to support their summary judgment motion. First, the officers assert that the amount of force used to accomplish the arrest was reasonable and not excessive under the Fourth Amendment.  Alternatively, they argue that they are entitled to qualified immunity since the facts do not establish violation of a clearly established law, nor was it objectively unreasonable for them to believe that their actions did not violate such law.

**Summary Judgment**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact remains for trial." *Decker v. Fish*, 126 F. Supp. 2d 342, 345 (D. Vt. 2000) (citing *Consarc Corp. v. Marine Midland Bank, N.A.,* 996 F.2d 568, 572 (2d Cir. 1993)). "In considering the record before it, however, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party." *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 517 (2d Cir. 1994). The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id*. at 255.

**Excessive Force**

"The Fourth Amendment protects individuals from the

government's use of excessive force when detaining or arresting individuals." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006). "Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Maxwell v. City of New York,* 380 F.3d 106, 108 (2d Cir. 2004) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).  In excessive force claims, whether an officer used unreasonable force is usually a question for the jury to determine.  *See, e.g., Breen v. Garrison*, 169 F.3d 152, 153 (2d Cir. 1999) ("The issue of excessive force also was for the jury, whose unique task it was to determine the amount of force used, the injuries suffered and the objective reasonableness of the officer's conduct.").

In this case, the facts are clearly and unequivocally in dispute.  Schneider and Hatch assert that Keene violently fought their efforts to place him under arrest, resulting in their use of pepper spray and strikes to get him under control.  Keene argues that he did not fight the officers, but merely refused to place his hands behind his back.  According to Keene, the officers' strikes were unnecessary and excessive, since ultimately the use of pressure points brought the conflict to an abrupt end.  A jury could reasonably conclude that the strikes were excessive in violation of the Fourth Amendment.  Moreover,

failure to remove the spray once Keene was under arrest may also amount to an excessive use of force.

**Qualified Immunity**

Whether or not Schneider and Hatch are entitled to judgment under qualified immunity is a much closer question. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, No. 07-751, 555 U.S. __, 2009 WL 128768 (U.S. Jan. 21, 2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "A police officer is entitled to qualified immunity if (1) his conduct does not violate a clearly established constitutional right, or (2) it was 'objectively reasonable' for the officer to believe his conduct did not violate a clearly established constitutional right." *Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008) (quotation omitted); *accord Decker*, 126 F. Supp. 2d at 348. "The judges of the district courts and the courts of appeal should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at __.

The central issue is whether the officers could reasonably

6

expect that their actions violated Keene's constitutional rights. Certainly if Keene can show he was not fighting the officers and that the strikes were unnecessary and excessive, the jury could determine that the officers must have known that their actions violated Keene's Fourth Amendment rights.  Facts may also be presented that failure to remove the spray from Keene's face was an excessive use of force and that the officers should have known that fact.

## CONCLUSION

At this stage the Court **denies** Schneider and Hatch's motion for summary judgment.  The Court will review their request for judgment upon the close of Keene's case when a more thorough review of all of the facts can be made.


DATED at Burlington, Vermont this 12th day of February, 2009.



/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court