09-0872-cv
Keene v. Schneider

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2009 DEC -3 PM 2:39
CLERK
BY [illegible]
DEPUTY CLERK

Vermont (BRVT)
07.cv.79
Sessions

# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of October, two thousand nine.

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
*Circuit Judges,*
ALLYNE R. ROSS,
*District Judge.**




---

Timothy Keene, individually, and as next friend to K.K., a minor by next friend K.K.,

*Plaintiff-Appellee,*

2:07-cv-79

v. 09-0872-cv

Daniel Schneider, Jared Hatch,

*Defendants-Appellants.*

---

*The Honorable Allyne R. Ross, of the United States District Court for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: NOV 19 2009

FOR PLAINTIFF-APPELLEE: MAGGIE VINCENT, Rubin, Kidney, Myer & DeWolfe, Barre, VT

FOR DEFENDANTS-APPELLANTS: Assistant Attorney General DAVID CASSETTY, *for* William H. Sorrell, Attorney General, State of Vermont Montpelier, VT

Appeal from the United States District Court for the District of Vermont (Sessions III, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is REVERSED:

Appellants Daniel Schneider and Jared Hatch appeal from a denial of a summary judgment motion entered by the United States District Court for the District of Vermont (Sessions III, *J.*) on February 12, 2009. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Typically, this court does not have jurisdiction to review a denial of summary judgment. *Escalera v. Lunn*, 361 F.3d 737, 742 (2d Cir. 2004). Qualified immunity cases are the exception to the rule. *Id.* at 743. When a district court denies a summary judgment motion that is based on qualified immunity, this court may review the judgment "to the extent that the district court has denied the motion as a matter of law." *O'Bert ex rel. Estate of O'Bert v. Vargo*,

331 F.3d 29, 38 (2d Cir. 2003). A defendant may immediately appeal the denial if he adopts the plaintiff's version of the facts and argues that the plaintiff's version of the facts affords the defendant qualified immunity as a matter of law. *Id.* This court "may not review whether a dispute of fact identified by the district court is genuine." *Droz v. McCadden*, 580 F.3d 106, 108 (2d Cir. 2009) (internal quotation marks and citation omitted). Our review of the denial of summary judgment is *de novo*, and we accept all of the plaintiff's facts as true. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).

Qualified immunity exists to protect government officials from liability for civil damages that arise from the reasonable execution of their official duties. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). A qualified immunity defense is available when "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998). "Clearly established" means more than a generalized protection found within the constitution – the law in question must be particular enough

to give the government officials "fair warning" that their behavior is over the line. *Hope v. Pelzer*, 536 U.S. 730, 740-41 (2002).

Excessive force is evaluated through Fourth Amendment doctrine, and we examine whether the force was excessive under an objective standard of reasonableness. *Stephenson v. Doe*, 332 F.3d 68, 77 (2d Cir. 2003). Even if the force is objectively unreasonable, an officer may still be eligible for qualified immunity if it was objectively reasonable for the officer to *believe* that her action did not violate clearly established law. *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996). Qualified immunity protects officers "from the sometimes hazy border between excessive and acceptable force." *Brosseua v. Haugen*, 543 U.S. 194, 198 (2004) (internal quotation marks and citation omitted).

When we examine officers' use of force, we must make "allowance[s] for the fact that the police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). We assess those circumstances through careful

examination of the facts of the particular arrest, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

In this case, Plaintiff Timothy Keene ("Keene") concedes that the officers had probable cause to arrest him and that he resisted that arrest. He concedes that he refused multiple requests by the officer to place his hands behind his back. He concedes that he was repeatedly warned before Officer Schneider pepper sprayed him. He concedes that, once on the ground, he held his arms underneath him to prevent the officers from putting handcuffs on him. He states that he only released his arms when he heard his daughter tell him to.

The law is clearly established that officers may use reasonable force to effectuate an arrest. *See Muehler v. Mena*, 544 U.S. 93, 98-99 (2005). Under the circumstances, we find that the officers' use of force, which resulted in minimal injuries and stopped immediately after Keene was handcuffed, did not violate clearly established law.

Therefore, the officers were entitled to the qualified immunity defense, and the district court's denial of their motion for summary judgment was in error.

For the foregoing reasons, the decision of the district court is REVERSED and it is hereby ORDERED that judgment be entered in the district court in favor of the defendants on all federal claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: ____________________



A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by ____________________
DEPUTY CLERK